TAX OVERPAYMENTS The one (1) year limitation contained in the provisions of 68 O.S. 2479 [68-2479] (1975), determines if a refund shall be made and the procedures therefor, and serves to bar recovery for an overpayment or error for real or personal property taxes by the taxpayer not perfecting those procedures in accordance with the time limitation of Section 2479. The Attorney General has considered your opinion request wherein you ask the following question: "Does the one year limitation referred to in section 68 O.S. 2479 [68-2479] act as a bar for recovery of erroneous duplicate payment or overpayment of real property taxes after a one year period or does the one year limitation merely determine if the refund is to be made from the protest fund, some other current fund or the Resale Property Fund?" Your question, as phrased, requires a construction of 68 O.S. 2479 [68-2479] (1975). Section 68 O.S. 2479 [68-2479] creates a Board of Tax-roll Corrections and sets forth restrictions on the correction and alteration process and determines the procedures to be utilized for credits and refunds. Specifically, in pertinent part, Section 2479 provides as follows: "After delivery of the Tax Rolls to the county treasurer of any county, no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the county treasurer and on authority of a proper certificate authorized by law or pursuant to order or decree of court in determination of a tax protest or other proper case. "A Board of Tax-roll Corrections, hereby created, consisting of the chairman of the board of county commissioners as chairman, the chairman of the county equalization board as vice chairman, the county clerk as nonvoting member and secretary, and the county assessor, a majority of whom shall constitute a quorum, is hereby authorized to hear and determine allegations of error, mistake or difference as to any item or items so contained in said Tax Rolls, in any instances hereinafter enumerated, on application of any person or persons whose interest may in any manner be affected thereby, or by his agent or attorney, verified by affidavit and showing that the complainant was not at fault through his own failure to fulfill any duty enjoined upon him by law, or upon discovery by the county treasurer or assessor before the tax has been paid or attempted to be paid and disclosure by statement of fact in writing signed by said treasurer or assessor and verified by the assessor or treasurer as the case may be; but such right shall not be available to anyone desirous of acquiring, or who has acquired, the lien of the county for such tax, whether by purchase, assignment, deed or otherwise. When a complaint is pending before the Board of Tax-roll Corrections, such taxes, as may be owed by the protesting taxpayer, shall not become due until thirty (30) days after the decision of the Board of Tax-roll Corrections. When a complaint is filed on a tax account which has been delinquent for more than one (1) year, and upon showing that the tax is delinquent, the complaint shall be dismissed, with prejudice. "If, upon such hearing, it appears that: "(1) Any personal or real property has been assessed to any person, firm, or corporation not owning or claiming to own the same; or "(2) Property exempt from taxation has been assessed or "(3) Exemption deductions allowed by law have not been taken into account; or "(4) The same property, whether real or personal, has been assessed more than once for the taxes of the same year or "(5) Property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject; or "(6) The county board of equalization has, after delivery of the Tax Rolls, made a finding of fact under authority of law that, after January 1 of any year and before May 1 of the same year, improvements to real estate or other property assessed have been destroyed by fire, or that the value of land has been impaired, damaged or destroyed by floods or overflow of streams, and has made and entered an adjustment to assessments previously made and entered; or "If, prior to such hearing by the Board, as aforesaid, the tax has been paid, no certificate shall issue; but if less than one (1) year shall have elapsed after the payment of the tax and before the filing of such application for correction of error, and after such hearing the findings of fact disclose that less tax was due to have been paid than was paid, then the person who paid the tax, or his heirs, successors, or assigns, may execute a cash voucher claim setting forth facts and findings, verify it, and file it with the county clerk, who shall thereupon deliver such claim to the county treasurer for designation of the fund from which the claim must be paid and approval of the claim as to availability of funds by the county treasurer. If taxes have been paid under protest, the county treasurer must designate the refund to be paid from such protest fund. If taxes have been paid but not paid under protest and if there are funds available in current collections of the taxing unit which received the taxes paid, then the county treasurer must designate the refund to be paid from such current collections of such taxing unit. The county clerk shall thereupon issue his cash voucher against the appropriate fund of the county, directing the county treasurer to pay to such person the amount so found to be erroneous. The word 'person' as last hereinbefore applied shall comprehend the person, firm, or corporation who paid such tax and the heirs, assigns or successors, as the case may be. No such claim for refund shall be allowed and paid unless the same be filed within six (6) months after the effective date of the order of correction. "If there be any error in the taxes collected from any person, the overpayment or duplicate payment of any such taxes collected in error may be recovered by the taxpayer, and the county treasurer may make such payment from the Resale Property Fund of the county if funds are not available as stated in the preceding paragraph of this section. . . ." Thus, it appears clear that a taxpayer must within one (1) year of the overpayment file an application for correction of error with the Board of Tax-roll Corrections and, if after a hearing the findings of fact reflect that less tax was due to have been paid than was paid, then the individual who paid the tax or his successors or assigns, must within six (6) months after the effective date of the order of correction file with the county clerk a verified cash voucher claim for processing. After such filing by the taxpayer, the county clerk presents such claim to the county treasurer for his designation of the fund from which the claim must be paid and the approval and certification as to the availability of funds. If the claim in question was paid under protest, the county treasurer must designate that refund to be paid from such protest fund. If, however, the claim in question was not the subject of protest, and there are present funds available in current collections of the taxing unit which received the taxes paid, the county treasurer must then designate that refund to be paid from such current collections of such taxing unit. If further, however, there are not sufficient funds available, the county treasurer may make such payment from the Resale Property Fund of the county. As you indicate in your letter, previous opinions of the Attorney General have dealt with the subject of your inquiry. Opinion No. 69-125 held that the next to the last paragraph of Section 2479 did not bar recovery for overpayment of tax after one year following payment of the tax, but rather, provided that during such year refunds would be paid from the county penalty reserve fund and that thereafter refunds would be paid from the resale property fund as provided in the last paragraph of Section 2479. 2 Okl.Op.A.G. 185 modified the conclusion of Opinion No. 69-125 in holding that by reason of the repeal of the statute relating to the county penalty reserve fund, the limitations and procedures of the next to last paragraph of Section 2479 were of no effect and all refunds were to be paid from the resale property fund pursuant to the last paragraph of Section 2479. This conclusion was reaffirmed in 5 Okl.Op.A.G. 35 and 6 Okl.Op.A.G. 78. Following issuance of the above opinions, however, Section 68 O.S. 2479 [68-2479] was amended in 1974 to delete references to the county penalty reserve fund in the next to the last paragraph of the Section and to substitute a procedure for use of the protest fund or otherwise designated funds as discussed above. We view the 1974 amendment as giving effect to the limitations and procedures now provided by the next to the last paragraph of Section 2479, and conclude that there now exists a one year limitation on recovering erroneous duplicate payments or overpayments of real or personal property tax. Since, provision is made for designation of any fund arising from current collections in addition to the protest fund, it is apparent that the one year limitation provision was intended as a bar to applications filed thereafter and that the statutes should not now be construed as merely a designation of the proper fund from which refunds are to be paid. It is, therefore, the opinion of the Attorney General that your question be answered accordingly. The one (1) year limitation contained in the provisions of 68 O.S. 2479 [68-2479] (1975), determines if a refund shall be made and the procedures therefor, and serves to bar recovery for an overpayment or error for real or personal property taxes by the taxpayer not perfecting those procedures in accordance with the time limitation of Section 2479. (Nathan J. Gigger)